860 F.2d 1081
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Viola WILLIAMS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-2101.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1988.
 
 Before KEITH, RALPH B. GUY, and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The claimant, Viola Williams, appeals from the district court's judgment adopting the magistrate's report and recommendation denying her claim for social security disability benefits. Because we find substantial evidence in the record to support the decision by the Secretary of Health and Human Services (Secretary), the judgment of the district court is affirmed.
 
 
 2
 Claimant was born on February 9, 1947, and was thirty-seven years old when she applied for benefits. In her application, claimant stated that she had completed the ninth grade; however, in subsequent hearings before an administrative law judge (ALJ), claimant stated she was only in the fifth grade when she dropped out of school at the age of fifteen. Claimant's past relevant work history includes working as a laborer on a tobacco farm, a laborer at a car wash, and a laundry worker at a nursing home. Claimant alleged that she became disabled in September, 1984, due to back pain. Claimant testified that she left her last job, a nursing home attendant, because she was being harassed by her supervisor. Currently unemployed, plaintiff testified that she cooks, makes beds, and does the laundry. She also testified that she can lift up to twelve pounds and that she can handle pots and frying pans. Claimant further testified that because of her medical problems she is unable to sit or stand for any appreciable length of time.
 
 
 3
 The relevant medical evidence establishes that claimant was examined at the request of the Secretary by Dr. Norman E. Clarke, Jr., on January 9, 1985. Dr. Clarke diagnosed the claimant as suffering from severe exogenous obesity with secondary symptoms of dyspnea on exertion and on lying down, and backaches along with chest pains suggestive of angina but not diagnostic. Dr. M.C. Wood examined claimant on March 8, 1985, in connection with her complaints of chest pains. In addition to her obesity, Dr. Wood reported diagnoses of anterior chest wall pain and labile hypertension. A chest x-ray taken at that time revealed no apparent abnormality. The claimant was treated on March 15, 1985, and again on March 17, 1985, for complaints of shortness of breath and coughing. The claimant was treated with medication and released.
 
 
 4
 Claimant was examined by Dr. Everett on November 21, 1985. Claimant told Dr. Everett that she had experienced pain and swelling in her left hip, buttock, and knee. Dr. Everett reported that Williams exhibited tenderness in the area of her left hip and sacroiliac joints. She also exhibited tenderness in the left knee and Dr. Everett reported mild effusion in that area. Dr. Everett noted a one-half inch difference in the size of the claimant's thighs, but he also reported that she had a full range of motion in all joints and she had no neuromuscular abnormalities. Claimant's deep tendon reflexes and sensation were also intact. Dr. Everett reported that both Patrick's test and Lasegue's test were positive for left hip and left sacroiliac joint pain. Dr. Everett performed x-rays that revealed some diminution of joint space cartilage in Williams' left hip.
 
 
 5
 The hearing in this case was held on January 15, 1986, before an ALJ. Claimant appeared with counsel and testified on her own behalf. A vocational expert also appeared and testified that claimant's past jobs at the nursing home and the car wash were classified as unskilled, light work. The vocational expert classified claimant's job in the tobacco farm as unskilled, light to medium work. He further testified that claimant had the physical ability to perform unskilled, sedentary jobs and that thousands of such jobs existed in the local metropolitan area.
 
 
 6
 The ALJ found that claimant's impairments, consisting of obesity, asthma, minimal to moderate degenerative changes in the left knee, and complaints of pain in the shoulders, lower back, and knee precluded her from her past relevant work. The ALJ, however, found that the claimant retained the residual functional capacity to perform a full range of sedentary work and, therefore, determined that the claimant was not disabled.
 
 
 7
 On June 2, 1986, the claimant requested that the Appeals Council review the ALJ's decision. On October 8, 1986, the Appeals Council denied claimant's request for review and the ALJ's decision became the final decision of the Secretary.
 
 
 8
 In Duncan v. Secretary of Health and Human Services, 801 F.2d 847 (6th Cir.1986), this court set forth the standard of review to be applied when considering an appeal from the denial of disability benefits:
 
 
 9
 Pursuant to 42 U.S.C. Sec. 405(g), the findings of the ALJ are conclusive if they are supported by substantial evidence. Accordingly, our review is limited to determining whether there is substantial evidence in the record to support the findings. " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kirk v. Secretary of Health & Human Services, 667 F.2d 524, 535 (6th Cir.1981), cert. denied, 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983), quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d (1971). In determining this question, we examine the evidence in the record "taken as a whole." Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980).
 
 
 10
 Duncan, 801 F.2d at 851-52.
 
 
 11
 The claimant essentially raises two arguments on appeal. First she argues that the ALJ erred by finding that she was not totally disabled by pain. Second, she contends that the ALJ erred in finding that she retained a residual capacity to perform sedentary work since, according to claimant, she cannot stand or sit for any length of time.
 
 
 12
 With respect to her subjective claims of disabling pain, the claimant relies entirely on her own testimony and the report of Dr. Everett. This court has previously held, however, that subjective complaints of pain cannot in and of themselves establish the existence of a disability. See Duncan, 801 F.2d at 853. In Duncan, we adopted a two-prong test for evaluating disability claims based on complaints of debilitating pain:
 
 
 13
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 14
 Id.
 
 
 15
 In the instant case, it is undisputed that the claimant had an underlying (musculoskeletal) condition, but the ALJ found that the condition was not severe enough to produce the allegedly disabling pain. Having reviewed the entire record including the report of Dr. Everett, we find that there is substantial evidence in the record to support the ALJ's conclusion that the claimant's medical problems were not so severe that they could reasonably be expected to give rise to disabling pain.
 
 
 16
 The claimant testified that she is unable to stand or sit for any length of time, therefore, she argues that the ALJ erred in finding that she could perform sedentary work since, according to the vocational expert, such jobs would require the capacity to sit up to six hours a day. Claimant cites to our decision in Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir.1985), in which we held that a claimant who cannot sit or stand for prolonged periods of time, but who must alternate between sitting and standing, is not capable of performing sedentary work as defined in 20 C.F.R. Sec. 404.1567(a) (1980). We also held, however, that the need to exercise a sit or stand option must be medically determined. As noted by both the magistrate and the district court, in the instant case there is no medical evidence to support the claimant's allegation that she is unable to sit for any appreciable length of time. Indeed, the claimant's own testimony regarding her daily activities is consistent with the ALJ's determination that the claimant can perform sedentary work.
 
 
 17
 Because we find substantial evidence in the record to support the ALJ's determination that the claimant is not disabled, the decision of the district court upholding the denial of benefits is AFFIRMED.